Christopher SULLIVAN, a minor, by and through his Guardian ad litem Janice Hutchinson; et al., Plaintiffs—Appellants,

v.

LAKE COUNTY et al., Defendants—Appellees.

No. 03–15330.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2004.

Decided March 22, 2004.

Richard J. Massa, Esq., Massa & Associates, Lakeport, CA, for Plaintiffs–Appellants.

Gary M. Lepper, Esq., Matthew M. Grigg, Esq., Lepper, Schaefer & Harrington, Walnut Creek, CA, for Defendants–Appellees.

Before: HALL, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Plaintiffs, who are the heirs of James Sullivan, appeal from a grant of summary judgment in favor of all Defendants in this action under 42 U.S.C. § 1983. On de novo review, and construing the facts in Plaintiffs' favor, we affirm.

1. The jail took several steps to assess Sullivan's possible risk of suicide, including engaging a physician's assistant who was trained in suicide prevention to perform an intake interview. Jail personnel also observed Sullivan frequently and closely, finding nothing amiss. Sadly, despite those precautions, Sullivan committed suicide while in jail.

Plaintiffs argue that the county is liable because its failure to train jail personnel more fully about applicable risks of suicide, and its failure to train them in accordance with a private contractor's proposal to the county, amounted to "deliberate indifference to the rights" of incarcerated persons such as Sullivan. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). We disagree. Nothing in the record suggests that the existing procedures fell below a reasonable level of care, much less that they were constitutionally deficient or that *only* the proposed type of training would meet constitutional standards. A tragic outcome in an isolated case, without more, is not evidence of inadequate training or any other type of deliberate indifference. On this record, we must affirm the summary judgment for the county.

2. Plaintiffs do not appeal the award of summary judgment to Defendant Ostini.

3. On this record, there is no evidence that Defendant Mitchell even knew that Sullivan was in the jail or that he knew Sullivan had a particular medical need. Accordingly, summary judgment was proper as to Defendant Mitchell. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197

(9th Cir.2002), *cert. denied*, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003).

AFFIRMED.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.